UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| LOLETA RILEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LAKEVIEW LOAN SERVICING, LLC,<br><br>Defendant. | Case No. _____<br><br>[Formerly Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-22-004978] |

**DEFENDANT LAKEVIEW LOAN SERVICING, LLC'S
NOTICE OF REMOVED ACTION**

Defendant Lakeview Loan Servicing, LLC ("Lakeview"), hereby removes Case No. CACE-22-004978 from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and as grounds for removal states as follows:

1. On April 5, 2022, Plaintiff filed a Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida styled *Loleta Riley v. Lakeview Loan Servicing, LLC*, Case No. CACE-22-004978 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit A**.

2. The Complaint purports to assert causes of action for negligence and breach of fiduciary duty arising out of an alleged data security incident.

3. Plaintiff purports to bring these claims on behalf of herself and a putative class consisting of "All persons whose [personally identifiable information] was accessed and/or exfiltrated during the Data Breach Incident." Compl. ¶ 46.

4. The relief Plaintiff seeks on behalf or herself and the putative class includes monetary damages, attorneys' fees, costs, litigation expenses, prejudgment interest, and equitable and injunctive relief. Compl., Prayer for Relief.

### JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT ("CAFA")

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332(d) because: (a) minimum diversity exists; (b) the number of putative class members is greater than 100; and (c) the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

6. Plaintiff alleges that she is a citizen of Florida. Compl. ¶ 14.

7. The putative class includes all persons who were potentially affected by the alleged data security incident. This includes persons whose mortgages are or were serviced by Lakeview, many of whom are citizens of states other than Delaware and Florida. *See, e.g., Rivera, et al. v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20968, ECF No. 1 at ¶¶ 14-19 (S.D. Fla.) (asserting claims arising out of the same alleged data security incident on behalf of citizens of Massachusetts and Connecticut); *Thomas v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20984, ECF No. 1 at ¶ 8 (S.D. Fla.) (same on behalf of Ohio citizen); *Stone v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-21094, ECF No. 1 at ¶ 22 (S.D. Fla.) & *Myers v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-21054, ECF No. 1 at ¶ 14 (S.D. Fla.) (same on behalf of Texas citizens); *Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955, ECF No. 1 at ¶ 12 (S.D. Fla.) (same on behalf of California citizen).

8. For purposes of establishing minimum diversity necessary for jurisdiction under CAFA, a limited liability company, such as Lakeview, is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. §

1332(d)(10); *Alvarez v. Loancare LLC*, No. 20-21837-CIV, 2021 WL 184547, at *7 (S.D. Fla. Jan. 19, 2021) ("And for the CAFA's jurisdictional purposes, an unincorporated association is a citizen of the state in which it is organized and the state of its principal place of business.") (citing 28 U.S.C. § 1332(d)(10)).

9. Lakeview's principal place of business is in Coral Gables, Florida (Compl. ¶ 15) and it is organized under the law of Delaware (**Exhibit B**). Thus, minimum diversity exists.

10. The number of putative class members exceeds 2.5 million persons. *See, e.g., Rivera, et al. v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20968, ECF No. 1 at ¶ 4 (S.D. Fla.) ("Defendant determined that the unauthorized actor accessed and exfiltrated the PII of more than 2,537,261 current and former Lakeview customers ('Class Members'), including that of Plaintiffs and Class Members."); *Thomas v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20984, ECF No. 1 at ¶ 14 (S.D. Fla.) ("Defendant sent notice letters to various states' Attorneys General and to at least 2,537,261 individuals affected by the Data Breach."); *Stone v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-21094, ECF No. 1 at ¶ 4 (S.D. Fla.) ("Defendant sent a template of the Notice of Data Breach Letter to the Maine Attorney General and identified that approximately 2,537,261 individuals like Plaintiff had their PII accessed, exfiltrated, and/or compromised on the Data Breach."); *Myers v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-21054, ECF No. 1 at ¶ 4 (S.D. Fla.) ("Defendant determined that the unauthorized actor accessed and exfiltrated the PII of more than 2,537,261 current and former Lakeview customers ('Class Members'), including that of Plaintiff."); *Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955, ECF No. 1 at ¶ 23 (S.D. Fla.) ("Defendant sent notice letters to various states' Attorneys General and to approximately 2,537,261 individuals impacted by the Data Breach.").

11. Plaintiff seeks damages on behalf of herself and all putative class members,

including: (a) "costs associated with the detection and prevention of identity theft"; (b) "costs associated with time spent and the loss of productivity from taking time to address and attempt to ameliorate, mitigate, and deal with the consequences of the Data Breach Incident"; (c) compensation for emotional distress; and (d) compensation for "damages to and diminution in value of [class members'] personal data."  Compl. ¶ 12.

12.     Given the fact that there are over 2.5 million putative class members, it is more than plausible that the amount in controversy exceeds $5 million, or $2 per putative class member.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").  Just accounting for Plaintiffs' requested compensation for "costs associated with the detection and prevention of identity theft," the amount in controversy will far exceed $2.  *See* Consumer Reports, Don't get taken guarding your ID. Do-it-yourself safeguards are just as effective as paid services, September 8, 2014 (concluding that credit monitoring and identity protection services cost $120 to $300 annually).

### ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

13.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process, pleadings, orders, and documents from the State Court Action which have been served upon Lakeview are being filed with this Notice of Removal.

14.     This Notice of Removal has been filed within 30 days of the date that Lakeview was served with the summons or the Complaint in this matter.  Removal is therefore timely in accordance with 28 U.S.C. § 1446(b).

15.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because

the U.S. District Court for the Southern District of Florida is the federal judicial district embracing the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the State Court Action was originally filed.

## CONCLUSION

By this Notice of Removal, Lakeview does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. Lakeview intends no admission of fact, law or liability by this Notice, and expressly reserves all defenses, motions and/or pleas.

Dated: April 29, 2022.

*s/ Julie Singer Brady*
Julie Singer Brady
Florida Bar No. 389315
jsingerbrady@bakerlaw.com
BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone: 407.649.4000
Facsimile: 407.841.0168

*Counsel for Lakeview Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 29, 2022, I served the foregoing via U.S. Mail, on:

Manuel S. Hiraldo, Esq.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301

Jibrael S. Hindi, Esq.
THE LAW OFFICES OF JIBRAEL S. HINDI
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301

*s/ Julie Singer Brady*
Julie Singer Brady